## SMOOT *v.* THE STATE.

1. It was error requiring a new trial to refuse to grant a mistrial on account of remarks of counsel for the State in regard to bad character of the accused, when he had not put his character in issue.

2. Other grounds of the amendment to the motion for new trial are without merit, and not of such character as to require elaboration.

NOVEMBER 15, 1916.

Indictment for murder. Before Judge Gilbert. Spalding superior court. April 21, 1916.

*W. H. Beck* and *W. H. Connor,* for plaintiff in error.

*Clifford Walker, attorney-general, E. M. Owen, solicitor-general, J. J. Flynt,* and *Mark Bolding,* contra.

ATKINSON, J. 1. Curtis Smoot was on trial for the murder of Will Tom Jones. The defendant had not put his character in issue; but the associate counsel for the State, while making his concluding argument before the jury, used the following language: "Gentlemen of the jury, the defendant's counsel argues to you that the character of Will Tom Jones was bad. Why did they not put their client's, Curtis Smoot's, character in issue? They know why. They dared not do so; they knew that we would overwhelm them with evidence to show that Smoot's character was worse than the character of the man killed—it was blacker than the character of Will Tom Jones." Before these utterances were completed, the judge attempted to suppress counsel, but failed to do so. The attorney for the defendant immediately moved for the court to grant a mistrial, on the ground that the remarks were improper, which motion was overruled; and one of the grounds of the motion for new trial complains of that ruling. In a note to this ground the judge made the following statement: "The court ruled that the argument of the counsel for the State was improper, and reprimanded him, stating that it was an infraction of the rules of court, and if repeated a mistrial would be granted. The court instructed the jury not to regard the statements of counsel for the State complained of—'that the defendant failed to put his character in issue, and dared not do so, and that the State could produce overwhelming evidence to show that his character was not as good as the man he killed, and was blacker than his.' The court further instructed the jury, that, in the absence of proof of bad character by the defendant, it must be presumed that there was nothing derogatory to his character. A second time the court instructed the jury not to consider the statements complained of, made by counsel."

In the Penal Code, § 1019, it is declared: "The general charac-

ter of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." In *Bennett* v. *State,* 86 *Ga.* 401 (12 S. E. 806, 12 L. R. A. 449, 22 Am. St. R. 465), the accused had not put his character in issue, but during the argument the counsel for the accused reiterated repeatedly (1) his personal conviction that the accused was an honest man, a man of good character, and that nothing criminal had ever been charged against him; (2) that the accused was of as good character and stood as well in the community as did Bowers, one of the witnesses for the State; (3) that Duncan, a witness for the State, was a man of good character and had employed accused for six years, and would not have done so if accused had been a thief; (4) that accused stood well among his neighbors and was regarded where he lived as an honest man and one of good character, so far as the evidence in the case disclosed. In reply to this argument the attorney for the prosecution argued that the accused had a bad character; that he had a right to prove his good character and had not done so. The defendant objected to this and requested the court not to allow it. The court stated that the argument was proper, and that he would allow it to proceed. This ruling was complained of in the motion for new trial, and was held to be erroneous. The ruling of the Supreme Court, as announced in the headnote, was as follows: "Although when no evidence as to the prisoner's character has been introduced his counsel argues that his character and reputation are good, it is reversible error to allow the State's counsel to argue in reply, over objection, that as the prisoner has not introduced such evidence, it must be because he has no such reputation." In the course of the opinion, Simmons, J., elaborately discussed the law, showing the error of allowing discussion of the character of the accused when he had not put it in issue, and pointing out that the fact that the defendant's counsel may have discussed the character of the accused from the standpoint that it was good would not authorize the attorney for the prosecution to discuss it from the standpoint that it was bad. In regard to this feature of the case, among other things, it was said: "We hold that the court erred in allowing the State's counsel, over the objection of the prisoner's counsel, to make this argu-

ment to the jury, although the latter had first violated the rules of court by going outside of the evidence. The fact that the prisoner's counsel had violated the rule would not authorize the State's counsel to do likewise. To hold that because counsel on one side violates a rule of court in his address to the jury, by making statements outside of the evidence, the opposing counsel has the right to violate the rule in like manner, over objections of opposing counsel, would be to turn a court, where justice should be administered according to the rules of evidence and of law, into a town meeting. We could as well hold that if the prisoner's counsel introduces illegal evidence, the State's counsel can reply by introducing other illegal evidence; and this, we have held, can not be done." The ruling in this case is authority for the proposition that, in the case under consideration, the remarks of counsel for the prosecution concerning bad character of the accused were improper and prejudicial, and that the remarks of the attorney for the accused as to his good character did not afford ground for the attorney for the prosecution to discuss the bad character of the accused.

In the case of *Butler* v. *State,* 142 *Ga.* 286 (82 S. E. 654), where the accused had not put his character in issue, the attorney for the prosecution, while addressing the jury, stated: "Gentlemen of the jury, the defendant has not put his character in issue in this case, and for that reason we can not attack it; we can discuss his drunkenness. The rule of law is that when the defendant puts his character in issue, then the State can rebut it; but when the defendant does not put his character in issue, the State can not introduce testimony showing up his character. So we are estopped in this case from saying anything about his character." On motion duly made, the judge refused to grant a mistrial or to rebuke the attorney for having made the remarks. The refusal so to do was held by this court to be error requiring the grant of a new trial. In the course of the opinion it was said: "A defendant charged with murder has the right to put his character in issue, and when put in issue by him it is to be regarded as a substantive fact. If the defendant does not see proper to avail himself of this privilege which the law affords him, the State can not introduce evidence relating to his general character. It is highly improper for counsel to discuss the general character of the accused when such character has not been put in issue [citing the *Bennett* case,

supra]. The argument of counsel concedes this to be the law, but its effect was, nevertheless, to discuss the general character of the accused. The inference to be drawn from the remarks of counsel was, that, had not the State been prevented by law from introducing testimony relating to the general character of the accused, the State could have introduced evidence to, show that such character was bad. This was calculated to prejudice the minds of the jury against the accused to the same extent as if counsel had expressly declared that the character of the accused was bad and that the State could have produced evidence to that effect. Upon objection being made, the court did not rebuke counsel or adopt other means to prevent the improper effect upon the minds of the jury, but permitted the argument to go to the jury with the apparent approval and sanction of the court. To do so was error requiring the grant of a new trial." In this case, as also in the case cited (*Bennett* v. *State*), the objectionable remarks of the prosecuting attorney injected before the jury substantive matter which could not have been introduced by the State, and which was prejudicial to the accused and was calculated to have the same effect as if evidence thereof had been improperly admitted and the attorney had argued it for consideration by the jury. The introduction of such facts by the speech of an attorney is outside of the latitude of speech to which he is entitled. *Morris* v. *Maddox,* 97 *Ga.* 575 (2), 581 (25 S. E. 487) ; *W. & A. R. Co.* v. *York,* 128 *Ga.* 688 (58 S. E. 183) ; *W. & A. R. Co.* v. *Cox,* 115 *Ga.* 715 (42 S. E. 74) ; *Augusta &c. R. Co.* v. *Randall,* 85 *Ga.* 297 (11 S. E. 706). Like other irrelevant evidence calculated to prejudice the jury against the accused, it has a tendency to injure him before the jury. In some cases the injurious effect may be averted by appropriate action and instructions from the court (Civil Code, § 4957) ; but what would be sufficient in any case would depend on the character of the remarks, the nature of the case, and the action or instructions from the court relied on to counteract the effect of the improper remarks. *O'Dell* v. *State,* 120 *Ga.* 152 (6), 154 (47 S. E. 577). These may differ in each case. It is not erroneous to refuse to grant a mistrial on account of improper remarks by counsel, if it is certain that no injury could. have resulted therefrom to the accused. *Lee* v. *State,* 116 *Ga.* 563 (42 S. E. 759). But if it can be reasonably inferred that the jury were thereby in any way unfavorably affected against

the accused, a mistrial should be ordered or a new trial granted. *Hudson* v. *State,* 101 *Ga.* 520 (3), 524 (28 S. E. 1010) ; *Ivey* v. *State,* 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959). In the interest of fair trials, it should clearly appear that there was no probability of injury to the accused likely to result from the misconduct. The character of the remarks in this case was such as to put before the jury facts of a substantive nature, irrelevant, but tending to unduly prejudice the jury against the accused, as already pointed out; but how firmly they may have found lodgment in the minds of the jury and influenced the verdict can only be left to conjecture. The judge was unsuccessful in his attempt to stop the attorney before completing the objectionable remarks. While he attempted, by reprimanding the attorney and giving instructions, to prevent the minds of the jury from being affected by the statements, the instructions did not clearly inform the jury that the character of the accused, which the attorney had stated was bad, was not in issue; but from the statement "that, in the absence of proof of bad character by the defendant, it must be presumed that there was nothing derogatory to his character," the jury might have inferred that the character of the accused had some bearing upon the case. Considering the character of the remarks, the circumstances of their delivery, and the instructions of the court in regard thereto, it can not be said that the accused had a fair trial.

2. There are a number of other grounds of the motion for new trial, but, upon careful consideration, we think none of them are meritorious or of such character as to require elaboration.

*Judgment reversed. All the Justices concur, except Gilbert, J., disqualified.*