27269. LEWIS *v.* THE STATE.

388

*H. Cliff Hatcher,* for plaintiff in error.
*P. B. Lewis Jr., solicitor,* contra.

GUERRY, J. The defendant was convicted of the offense of buying stolen seed cotton knowing the same to be stolen property. Complaint is made that the owner of the cotton alleged to have been stolen and a witness for the State, testified: "This negro, Jim Lewis, has given me lots of trouble; he is a notorious thief, and I have lost lots by him. He was mixed up with stealing when I had to let my overseer go." Defendant's counsel immediately made a motion for mistrial on the ground that the statement was made by the prosecutor for the purpose of prejudicing the minds of the jurors against the defendant, and did prejudice the minds of the jury, and was against the character of defendant when he had not put his character in evidence. The court overruled the motion for mistrial, ruled out said evidence, and cautioned the jury not to consider it.

The only reference to a mistrial found in the Code is § 81-1009, and this is with reference to improper remarks by counsel. In *Oliveros* v. *State,* 120 *Ga.* 237 (47 S. E. 627, 1 Ann. Cas. 114), Judge Lamar, in a specially concurring opinion to which Judge Candler assented, said, discussing mistrials: "Considering the gravity of the issue, it could never be granted capriciously, nor because of mere errors of the judge in admitting or excluding evidence, nor for erroneous rulings during the trial. . . But in criminal, as well as civil cases, judicial investigation has for its purpose the ascertainment of truth and the administration of justice to both parties. There may be many occurrences in the presence of the jury which render this result so impossible—which so inevitably tend to vitiate the trial—that the judge in the exercise of a sound legal discretion would be authorized to take the case from the jury and declare a mistrial." The mere admission or rejection of evidence offered is not per se a sufficient reason for declaring a mistrial. It becomes a different matter, however, where the prosecutor or owner of the property alleged to have been stolen, volunteers, as in the present case, evidence which is palpably inadmissible and its only effect can be to harm and injure the defendant. As was said in *Reid* v. *State,* 56 *Ga. App.* 112 (191 S. E.

657): "If the solicitor had attempted to get the contents of the statement before the jury in his argument, there can be no doubt that his conduct would have been improper and erroneous. We can see little difference in attempting to get the contents of the statement before the jury in this way and attempting to get it before the jury in the nature of an improper question." For the most interested witness to volunteer the statement that the defendant was a "notorious thief," and that he had "lost lots" because of the defendant's stealing on other occasions, was an unwarranted and highly-prejudicial attack on the defendant's character which had not been put in issue. The evidence introduced authorized but did not demand the defendant's conviction. The fact that the trial judge excluded this testimony and instructed the jury to disregard it does not make it clearly appear that its prejudicial effect was obliterated from their minds. We think the court should have declared a mistrial upon motion of defendant's counsel.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*