31950. SIKES *v.* THE STATE.

DECIDED APRIL 24, 1948.

*H. H. Elders,* for plaintiff in error.

*R. L. Dawson, Solicitor-General,* contra.

MACINTYRE, P. J. ■ The defendant was convicted of larceny after trust. He assigned error on the overruling of his motion for a new trial. In his statement, the defendant said: "I have tried to deal fairly with him, and with everybody else. I have been in the mule business 43 years and this is the first time I have been charged with a thing like this, and I have done business with as good mule men as they are in Georgia."

The State contended that by the above-quoted portion of the defendant's statement the defendant had offered his good char-

acter as one of his defenses. We agree with the State in this contention. See *Barnes* v. *State*, 24 *Ga. App.* 372, 373 (3-5) (100 S. E. 788); *Knighton* v. *State*, 40 *Ga. App.* 489 (150 S. E. 432). "Where the good character of a defendant is put in issue, evidence as to general bad character with respect to the particular trait may be shown in rebuttal; but in so doing it is not permissible to prove specific acts, except on cross-examination for the purpose of testing the knowledge of the defendant's witnesses, and except for the purpose of impeaching knowingly false statements made by the defendant himself to the jury or by his witnesses on cross-examination." *Mimbs* v. *State*, 189 *Ga.* 189, 192 (5 S. E. 2d, 770) and cit. The prior quoted statement by Justice Jenkins we take to be the most accurate statement of the Georgia law on the subject to which it pertains.

■ A witness for the State testified that he knew Jimps Sikes and had known him for about 30 years. The State asked the witness, "Is this the same J. P. Sikes who was tried for cow stealing?" Answer: "Yes." To this answer counsel for the defendant objected, on the grounds that the defendant had not put his character in issue, and that, if the defendant had been tried for cow-stealing, there was higher and better evidence of the same in the indictment under which he was tried. The court overruled the objection.

We have already ruled on the first ground presented, and have held that the defendant did put his character in issue by his statement, and the court did not err in overruling the objection on this ground.

When the good character of the defendant is put in issue by the defendant himself in his statement to the jury, evidence as to his general bad character with respect to the particular trait [here larceny] may be shown in rebuttal; but in so doing it is not permissible to prove specific acts, except for the purpose of impeaching knowingly false statements made by the defendant himself to the jury. The defendant in his statement to the jury said, "This is the first time I have been charged with a thing like this [larceny after trust]." If properly presented, the fact that the defendant had been indicted and tried for such a prior criminal offense of cow-stealing would have been admissible to impeach the credibility of a knowingly false statement to the

contrary, made by him to the jury; however, the highest and best evidence of a writing, or of a judicial proceeding, including an indictment and the trial thereupon, is the indictment and record of the trial. Code, §§ 38-203, 38-206. It is error to admit oral evidence of an indictment or of judicial proceedings over a properly directed and timely objection that the record itself is the best evidence of the same. See *Whitley* v. *State*, 188 *Ga.* 177 (6), 180 (3 S. E. 2d, 588); *Corley* v. *State*, 64 *Ga. App.* 841, 842 (14 S. E. 2d, 121). It follows that the trial judge erred in admitting this evidence over objection.

■ The foregoing were the main questions involved in the case. We do not deem it necessary to discuss the other question as to the admission of certain parol evidence offered for the purpose of showing the general bad character of the defendant after he had put his character in issue, for any error that may have been committed in the admission of such evidence will no doubt be corrected on another trial, in view of the ruling here stated.

As the case will go back for another trial, where the evidence may not be the same, this court, following the usual practice, will not rule upon the sufficiency of the evidence to support the verdict.

*Judgment reversed. Gardner and Townsend, JJ., concur.*