## 32033.   CARROLL *v.* THE STATE.

DECIDED JUNE 1, 1948.

*George T. Manley, Reuben A. Garland,* for plaintiff in error. *Paul Webb, Solicitor-General, William Hall, James W. Dorsey,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Grounds 1 and 2 of the amended motion for a new trial contend that the trial court erred in allowing the State to introduce over timely and proper objections an indictment charging the defendant with lottery in two counts returned by the Grand Jury of Fulton County on December 19, 1933, and on which the defendant was convicted, and an accusation preferred in the Criminal Court of Fulton County at the January term, 1939, charging the defendant with the offense of gaming with cards on which accusation the defendant pleaded guilty. Counsel for the State contend in their brief that this evidence was admissible for the pur-

pose of contradicting the statement of the defendant. It is well settled that this evidence as to specific acts is not admissible for the purpose of showing general bad character as refuting the evidence of the defendant as to general good character (see *Giles* v. *State,* 71 *Ga. App.* 736, 32 S. E. 2d, 111), and if the evidence is admissible on any theory at all, the same must be for the purpose of contradicting the statement of the defendant. If it does contradict the statement of the defendant it is admissible. See *Woodward* v. *State,* 197 *Ga.* 60, 68 (28 S. E. 2d, 480) ; *Lee* v. *State,* 197 *Ga.* 123 (4) (28 S. E. 2d, 465) ; *Sisk* v. *State,* 182 *Ga.* 448 (3) (185 S. E. 777) ; *Johnson* v. *State,* 186 *Ga.* 324 (4) (197 S. E. 786) ; *Fluker* v. *State,* 184 *Ga.* 809 (4) (193 S. E. 749) ; *Worthy* v. *State,* 184 *Ga.* 402 (2) (191 S. E. 457) ; *Morris* v. *State,* 177 *Ga.* 106, 115 (169 S. E. 495). If it does not contradict the defendant's statement it is not admissible. See *Giles* v. *State,* supra.

It is therefore essential that the part of the defendant's statement contended by the State to have been contradicted, be carefully analyzed. Stripped down, that part of the statement is as follows: "I have never been in no trouble." All of the defendant's statement relating to this subject however, is set forth in the statement of facts herein and reference thereto discloses that all the trouble he was talking about related to trouble between individuals. He continues with "I have always tried to treat people like I want them to treat me." This statement can only relate to conduct between individuals. It could have no relation to lottery or games of chance played with cards, the evidence in no way revealing that this defendant cheated at either. His statement continues further "I have never tried to fight anyone. I have tried to avoid it all my days." Here the defendant almost in the same breath in which he said "I have never been in no trouble" continues to confine his remarks to trouble between individuals. His statement continues "I have never been in anything like that in my life." The defendant was on trial charged with murder. In his statement he admitted firing the shot which killed the deceased. This is an example of trouble growing out of a physical conflict between him and another individual. When he said "I have never been in anything like that in my life," it is obvious that he was referring to the facts upon

which his murder case was predicated. Construing the whole statement and particularly that part of it referring to trouble, it is equally obvious that he had reference to trouble that can result only from physical conflict between people.

Counsel for the State insists that the word *"nor"* as used in the first part of the quoted portion of his statement as follows: "I have lived in Georgia all my days and have never been in no trouble *nor* doing anything of that type," being disjunctive, separates the part of the sentence "have never been in no trouble" from that part "doing anything of that type," and that therefore by the first part he meant, without qualification, that he had never been in trouble such as being charged with any sort of a crime in court. If the statement is tó be construed according to strict rules of English the use of the double negative where he says "I have never been in no trouble" must be construed to mean that he has been in some trouble since a double negative in effect results in an affirmative. However, this was obviously not his meaning. The statement must be construed so as to derive its true meaning as he intended it, and since it reeks throughout with illiteracy this fact also must be considered in arriving at his true meaning. By strict grammatical construction that part of his statement "nor doing anything of that type" when construed with the first part of the sentence is meaningless. He may have said "I have never been in no trouble *for* doing anything of that type," and the court reported may have misunderstood him, or there may have been an error subsequently in the preparation of the transcript in which the letter "n" was substituted for the letter "f." Be that as it may, we must deal with the record. as it comes to us, and by so doing we reach the conclusion, taking into consideration the illiteracy of the defendant, that he meant by his statement to say he had never been in any trouble growing out of any physical conflict with another person or persons, and that he did not mean for his statement to refer in any way to previous misdemeanor lottery and gaming charges.

The evidence of the indictment for lottery returned against him in 1933 on which he was convicted and the accusation for gaming preferred against him in 1939 on which he pleaded guilty, did not have the effect of contradicting the defendant's state-

ment. Their introduction was harmful and prejudicial to him and constituted error requiring a new trial. See *Knighton* v. *State*, 40 *Ga. App.* 489 (150 S. E. 432).

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*