## 32692. WIGGINS *v.* THE STATE.

Decided October 27, 1949.

*Odom & Odom,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Ground 1 of the amended motion for a new trial complains of the admission, over objection, of the testimony of Eugene Williams to the effect that the witness, with the witness Chance, the defendant, and the other alleged conspirators, drove to Savannah together during the same month in which the automobile was stolen and that at that time the other men left him on the street, and Chance returned shortly thereafter with an automobile for which he had no keys, and at the direction of Chance the witness drove this car to Millen. There being no evidence from which the jury could infer that this was a stolen automobile, the testimony was irrelevant and prejudicial for this reason. The trial court therefore erred in admitting this testimony.

■ Ground 2 of the amended motion for a new trial complains of the admission in evidence, over objection, of certified copies of three previous indictments with pleas of guilty thereon. One of these was for speeding, and the others for possessing quantities of intoxicating liquors in excess of that allowed by law.

The State contended that it had a right to introduce these indictments as rebuttal evidence after the defendant had, in his unsworn statement to the jury, put his character in issue. This statement was as follows:

"Gentlemen of the jury, I am not guilty; this is just an old grudge; it's about a woman and I cannot tell about it; as far as this car was concerned, I had nothing to do with it whatever; I don't know about changing the numbers or nothing; I got a good war record and I would not mess it up with something like this; my discharge has two bronze stars and two purple hearts from the Government; I had nothing to do with this whatever."

The defendant's statement that he had a good war record was not a statement as to his general character, and was not equivalent to putting his general character in issue. The veterans of this country who have served in combat and have received citations therefor justly regard these citations in a very personal manner, and it is their right to decide what value they shall put upon them. The defendant, in saying, "I would not mess it up with a thing like this," has a right to have his words taken at their face value. The offense of larceny of an automobile is a felony, punishable by confinement in the penitentiary. It is also an offense involving moral turpitude, and one which deprives the citizen of the right to hold public office and many other substantial civil rights.

The indictments introduced by the State not only pertained to offenses wholly unrelated to the crime alleged, but also were of a different character in that they were misdemeanors and offenses against the laws of this State which in no way involve moral turpitude. A veteran might easily consider that a conviction for speeding, or for having an excessive amount of liquor, was not such an offense as would cast any disgrace upon the medals he wore, whereas he might consider otherwise an offense involving car theft.

Further, the statement contained nothing about the defendant's general character, nor about his character in civilian life. It must therefore be determined that his general character was not in issue, and that the introduction of the three previous convictions was error which was material, harmful and prejudicial to him, and which would demand the grant of a new trial. See *Taylor* v. *State*, 120 *Ga.* 857 (3) (48 S. E. 361), wherein it was held: "A certificate of an officer of the United States Army, showing that the accused had been honorably discharged from such army and stating that his character was good, is not admissible in evidence to establish the good character of the accused for peaceableness, *or generally.*"

■ The third special ground complains that, since the evidence of an accomplice must be corroborated to sustain a conviction, the verdict of the jury is for this reason untenable.

An examination of the record discloses that, aside from the testimony of the witness Chance, which itself admits that

Wiggins was not present when the car was stolen, although alleging other facts which, if satisfactory to the jury, would nevertheless establish the guilt of the accused, the only other positive testimony is that of the witness who saw the defendant riding in the car with Chance and the others said by him to have participated in its theft.

In *Williams* v. *State*, 44 *Ga. App.* 271 (161 S. E. 277) it is held that a conviction of larceny of an automobile was authorized by the testimony of a fellow conspirator which was corroborated by the facts that (a) the defendant was driving the car, and (b) the defendant when pursued jumped from the car and ran away.

There is no such corroboration in the instant case. The defendant, so far as appears, never drove the car himself. The fact that he was seen riding therein is a fact perfectly consistent with innocence, and is not in itself sufficient corroboration of the statements of the alleged accomplice.

Nor does the testimony of Williams as to the other automobile which Chance turned over to him in Savannah at another time, serve as corroboration. Had the State shown it to have been a stolen car, this testimony would have been admissible for the purpose of proving a conspiratorial scheme, but it failed of its purpose in that there is nothing in the record to show that the automobile was in fact stolen. Even if the testimony was sufficient to authorize an inference to that effect, there was nothing to connect the transaction with the defendant in view of the witness' further statement that, "Mr. Wiggins said he was coming to Savannah to see his girl; after they got to Savannah Mr. Wiggins did not have anything to do about taking a car, not that I know of; Mr. W. B. went by himself and brought the car back."

In *Worley* v. *State*, 60 *Ga. App.* 557 (4 S. E. 2d, 417), the only corroborating evidence against the defendant, other than that of the accomplice, was that two days before the crime the defendant had ridden by the prosecutor's house and had been seen peering in his garage. Such evidence is scarcely less conclusive than the evidence in this case to the effect that the defendant was a friend of Chance's and had been seen riding in the car while it was in Chance's possession and while Chance

was driving it. In the *Worley* case it was held: "To sustain a conviction of a felony on the testimony of an accomplice 'there must be corroborating circumstances which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty.' *Stokes* v. *State,* 19 *Ga. App.* 235 (91 S. E. 271); *Levister* v. *State,* 21 *Ga. App.* 50 (93 S. E. 513); *Childers* v. *State,* 52 *Ga.* 106. 'Corroborating evidence which, without going to this extent, merely casts a grave suspicion upon the accused, is not sufficient.' *Taylor* v. *State,* 110 *Ga.* 150 (3) (35 S. E. 161. . . Applying these rulings to the instant case, the testimony of the accomplice was not sufficiently corroborated to authorize the defendant's conviction, and the refusal to grant a new trial was error. *Thompson* v. *State,* 52 *Ga. App.* 105 (182 S. E. 414)."

Accordingly, the testimony of the witness Chance, who says he was an accomplice of the defendant, is not sufficiently corroborated to sustain a verdict of guilty.

■ The judge, in his charge to the jury, did not fail to define larceny of an automobile, as contended by ground 4 of the amended motion for a new trial. He charged the provisions of Code § 26-2603, relating to larceny of motor vehicles; he also instructed the jury that they must first determine whether the car was in fact stolen and, if so, whether the defendant participated in the stealing. In the absence of a timely written request, a failure to charge more on this subject was not error. See *Newsome* v. *State,* 78 *Ga. App.* 332 (50 S. E. 2d, 828); *Roseberry* v. *State,* 78 *Ga. App.* 324 (50 S. E. 2d, 771).

For the reasons set out in divisions 1, 2, and 3 of this opinion, the judge of the trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*

MACINTYRE, P. J., concurring specially. I concur in the judgment of reversal because I think that special ground 2 shows reversible error in allowing in evidence, over proper objection, three indictments together with the pleas of guilty thereon. One indictment charged the possession on September 16, 1947, of more than one quart of prohibited liquor in a dry county. Another charged a violation of the traffic laws by exceeding the

speed limit in an automobile on September 18, 1947; and the third charged the possession on January 5, 1949, of thirteen quarts of prohibited liquors in a dry county. The crime charged in the present indictment is the theft of an automobile on December 13, 1949. I think that the crimes charged in the three indictments introduced in evidence were not connected with the crime charged in the present indictment. They are mere isolated facts and would not become such a matter of substance as would reveal intent, design, plan, or system, etc. The crimes charged in those indictments do not involve moral turpitude and are not even of a similar nature to the one for which the defendant is here on trial, and it was error to admit these three indictments.

I do not think that special grounds 1 and 3 are meritorious, and I do not think that the court erred in overruling these grounds or that the court erred in overruling the general grounds. See, in this connection, *Blakely* v. *State*, 78 *Ga. App.* 282, 291 (50 S. E. 2d, 762); *Barnes* v. *State*, 24 *Ga. App.* 372 (100 S. E. 788); *Sikes* v. *State*, 76 *Ga. App.* 883 (47 S. E. 2d, 677); *Knighton* v. *State*, 40 *Ga. App.* 489 (150 S. E. 432); *King* v. *State*, 77 *Ga. App.* 539 (49 S. E. 2d, 196).