35299, 35300. FOLDS *v.* THE STATE (two cases).

DECIDED OCTOBER 19, 1954.

*James E. Weldon, Charles L. Goodson, A. J. Whalen, Jr.,* for plaintiff in error.

*Wright Lipford, Solicitor-General,* contra.

GARDNER, P. J. ■ We do not pass upon the evidence as to the general grounds, since the case is to be tried again.

■ We will next deal with the amended grounds of the motion for a new trial. There are four amended grounds in each case, and each ground in each case is the same. So, we will deal with the two cases together as to the special grounds.

Special ground 1 assigns error as follows: "Because the following material evidence was illegally admitted by the court to the jury, over the objection of movant, to wit: 'Do you know his (Mr. Folds') character and reputation?'

"Defendant's Counsel: Now, wait a minute, now if it pleases the court, I object to this line of testimony on the ground that it places the defendant's character in issue and the defense doesn't believe that they have placed the defendant's character in issue, and on the further ground that the solicitor hasn't laid the proper foundation, and this is a mere conclusion of the witness, he says he has known him only three and a half years. The Court: Overrule the objection, go ahead. The Solicitor-General: If the court please, the defendant's character has been

put into evidence under the statement he made, his character as pertaining to whisky.

"Defendant's counsel: His general character is not in issue and we would like to reserve our objection. The Court: Overrule the objection. Defendant's Counsel: Do you know the general character and reputation of Robert Folds in the community where he lived? Trooper Owens, for the State: A. Yes, Sir. Q. Is it good or bad? A. Bad."

The defendant's statement concerning his reputation as it relates to this ground is: "I lived in Troup County all my life and I haven't had any whisky trouble whatsoever in Troup County. Never been arrested for whisky, never been searched, my house has never been searched. . ." It will be observed that it is the contention in this ground that the defendant by his statement above quoted, put his general character in issue. It is the contention of the defendant that this did not put his general character in issue. Without elaborating on the many decisions on this point, we will merely cite some of them which to our minds conclusively hold that this statement of the defendant did not put his general character in issue. See *Carroll v. State,* 77 *Ga. App.* 251 (48 S. E. 2d 491); *Knighton v. State,* 40 *Ga. App.* 489 (150 S. E. 432); *Rhodes v. State,* 33 *Ga. App.* 827 (128 S. E. 217); *Spear v. State,* 51 *Ga. App.* 29 (179 S. E. 417); *Sikes v. State,* 76 *Ga. App.* 883 (47 S. E. 2d 677); *Wiggins v. State,* 80 *Ga. App.* 258 (55 S. E. 2d 842).

It must be kept in mind that, when the defendant puts his general good character in issue, the State may rebut it by evidence as to his general bad character but not by specific acts. When a defendant puts his character in issue in his statement regarding a specific transaction and place, the State can then rebut a statement regarding such transaction and place referred to. On this view the court committed reversible error in allowing, over objections of the defendant, proof of his general bad character.

■ Special ground 2: In view of the ruling in special ground 1, the complaint in this special ground is eliminated.

Special grounds 3 and 4 complain that the court should have specifically charged the jury that they should first find the defendant guilty of illegally possessing such liquors before they

could find him guilty of illegally transporting intoxicating liquors.

It must be kept in mind that these two indictments were tried together, and the court first instructed the jury with reference to possessing intoxicating liquors and immediately thereafter charged the law with reference to transporting the intoxicating liquors. It would be impossible for this court to know which verdict the jury found first, but it is clear that the two verdicts were signed approximately simultaneously, because both cases were being tried together, by agreement. So the jury did on the same trial and at the same time find the defendant guilty of possessing the liquor and of transporting the same. We find nothing illegal or inconsistent with either of the verdicts. Special grounds 3 and 4 are without merit.

The court erred in denying the motion for a new trial as to special ground 1. The other special grounds are without merit.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*