746

Carlisle, J.  1.  Where, upon the trial of one charged with the possession of non-tax-paid whisky on January 12, 1954, the jury is authorized to find from the evidence adduced upon his trial that on the night of January 10, 1954, a person giving his name as that of the defendant came to the home of one of the witnesses saying that his logging truck was broken down and he wished to leave it at her home; that she granted him permission to leave the truck and though she did not see him on that occasion she recognized his voice as that of the defendant; that the following night he returned for his truck and talked to her husband, who identified him as the defendant, and the witness recognized him as the defendant; that the defendant told her husband that he wished to leave "some stuff" there and would be back after it; that the defendant unloaded whatever it was he had into a little smokehouse located in the yard; that on that night another witness went with the defendant to the house in question and helped him to unload some cases and five-gallon jugs and place them in the little house; that this witness could smell whisky at the time he was assisting the defendant to unload the cases and jugs; that the following night, January 12, 1954, officers found some eighty gallons of non-tax-paid whisky in five-gallon jugs and one-gallon containers in the little smokehouse; that the one-gallon containers were in cases with four gallons to the case, the jury was authorized to find that the whisky was placed where it was found by the defendant and that the defendant was guilty as charged of possessing non-tax-paid whisky.

2.  Where, in such a case as indicated above, the solicitor inquired of a witness: "You stated that he came back out there to move the whisky?" at a time when the witness had made no reference to whisky in her testimony, but upon objection of defendant's counsel and motion for mistrial, the solicitor withdrew the question and the trial court overruled the motion for mistrial, this court will not reverse the judgment of the trial court overruling the motion for mistrial on the ground that the court in overruling the motion failed to reprimand the solicitor where no request was made that the solicitor be reprimanded and the objectionable query was never answered by the witness. *Brooks* v. *State,* 183 *Ga.* 466, 469 (188 S. E. 711, 108 A. L. R. 752); *Smoot* v. *State,* 146 *Ga.* 76, 81 (90 S. E. 715).  There is no merit in special ground 1 of the motion for a new trial.

3.  Where, in such a case as indicated above, there was direct as well as circumstantial evidence of the defendant's possession of the whisky, the trial court did not, in the absence of a request so to do, err in failing to charge upon the law of circumstantial evidence. *Roberts* v. *State,* 50 *Ga. App.* 307 (2) (177 S. E. 825), and citations.

4.  Where, in such a case as indicated above, the trial court charged: "On the other hand, if you do not believe he is guilty of the offense as made in this bill of indictment, the charge as made in this bill of indictment, or if you have a reasonable doubt of his guilt as made in the bill of indictment, why then it would be your duty to acquit the defendant," this court will not grant a new trial upon the ground that this excerpt from the charge led the jury to believe that the bill of indictment made

the defendant guilty and intermingled the charge on the law of reasonable doubt with expressions which have no place in such charge. At another point in the charge the court fully charged on the subject of reasonable doubt, and while the expression "guilt as made in the bill of indictment," is inept and unfortunate, from the excerpt as a whole it appears clear that the trial court meant "guilt of the charge made in the indictment" and the jury must necessarily have so understood. There is no merit in special ground 3 of the motion for a new trial.

5. For the foregoing reasons the trial court did not err in overruling the motion for a new trial, based on the usual general grounds and three special grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 14, 1955.

*R. L. LeSueur, H. B. Williams,* for plaintiff in error.
*Charles Burgamy, Solicitor-General,* contra.