### 36703. BARBER *v.* THE STATE.

TOWNSEND, J. 1. The defendant William Barber was indicted, tried and convicted on a charge of assault with intent to murder in two counts, which were identical except as to the name of the person alleged to have been assaulted. Count 1 charges the accused with the offense of assault with intent to murder "for that the said accused, in the County of Fulton and State of Georgia, on the 18th day of February, 1956, with force and arms, did unlawfully, with malice aforethought assault, shoot at and towards one Allen Maddox with a pistol, the same being a weapon likely to produce death, with intent then and there to kill and murder the said person so assaulted, contrary to the laws of said State, the good order, peace and dignity thereof." The indictment sufficiently alleges an assault and is not subject to general demurrer. *Prior* v. *State*, 41 *Ga.* 155; *Rawls* v. *State*, 72 *Ga. App.* 400 (1) (33 S. E. 2d 884).

2. "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible unless there be shown some logical connection between the two from

which it can be said that proof of the one tends to establish the other." *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615).

(a) Where acts, either prior or subsequent, closely connected in point of time, tend to show motive, intent, and state of mind on the part of the defendant regarding the offense for which he is on trial, and thus tend to prove the charge at issue, they are admissible although they incidentally at the same time show other criminal or unfavorable conduct. *Gibson* v. *State,* 11 *Ga. App.* 148 (74 S. E. 905); *Adams* v. *State,* 55 *Ga. App.* 729 (191 S. E. 280). Evidence is also admissible to show other attempts to perpetrate the same offense on the same victim. *Wright* v. *State,* 184 *Ga.* 62 (190 S. E. 663). Accordingly, it was not error, as contended in special ground 1 of the amended motion for a new trial to admit evidence that on the Monday before or after the defendant assaulted the victim on a Friday, allegedly with intent to murder him, the defendant came to the house of another looking for the victim, and stated that "he was going to kill him when he seed him out."

(b) It was, however, error, as contended in special ground 2 to admit in evidence over proper objection a certified copy of a murder indictment and conviction for an act committed 13 years before, the charge being that the defendant killed the victim therein named "by then and there striking, beating and wounding him with some blunt instrument to the grand jurors unknown." This evidence was not admissible under any exception to the rule stated in *Bacon* v. *State,* 209 *Ga.* 261, supra. Neither was it admissible for purposes of impeachment on the theory that the defendant had put his character in issue by stating, after describing his version of the transaction: "I haven't committed no crime. I don't own a gun. I have never carried one. I make an honest living working." In another part of his statement the defendant stated that he did construction work. The assault took place on a Saturday when, however, he was not working, and he denied he was the man who did the shooting. That part of his statement to the effect that he had committed no crime, taken in context, obviously referred to the charge for which he was on trial, not to his past life as a whole, and, fairly construed, did not have the effect of putting his general character in issue. *Carroll* v. *State,* 77 *Ga. App.* 251 (48 S. E. 2d 491); *Wiggins* v. *State,* 80 *Ga. App.* 258 (2) (55 S. E. 2d 842). When the defendant's charac-

ter is in issue, and it is desired to show his bad character or impeach his statement, the rule is as follows: "Where the good character of a defendant is put in issue, evidence as to general bad character with respect to the particular trait may be shown in rebuttal; but in so doing it is not permissible to prove specific acts, except on cross-examination for the purpose of testing the knowledge of the defendant's witnesses, and except for the purpose of impeaching knowingly false statements made by the defendant himself to the jury or by his witnesses on cross-examination." *Mimbs* v. *State*, 189 *Ga.* 189, 192 (5 S. E. 2d 770) and see citations. Since the murder indictment and conviction introduced in evidence referred to an assault which was not carried out with a gun, and since the words "I haven't committed no crime" obviously had reference only to the crime for which he was on trial, the criminal record of the defendant had no value for purposes of impeachment. The indictment with conviction thereon being irrelevant and prejudicial, its admission in evidence constitutes reversible error. Special grounds 2, 3 and 4 are meritorious.

3. Without setting forth the portions of the charge excepted to in special grounds 5 and 6 it is sufficient to say that, as against the contention that the court overemphasized the fact that the punishment for assault with intent to murder might, on recommendation of the jury and in the discretion of the trial judge, be reduced to misdemeanor punishment the charge was not erroneous. The excerpts complained of, a part of which were in answer to a direct question on the part of the jury, did not repeat this rule of law in such manner as to show any desire to confuse or mislead the jury into thinking the court would take such recommendation if given, nor can they be held to have had that effect.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

Decided May 17, 1957.

*Grace W. Thomas, Reuben A. Braswell,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller,* contra.