## 29540. CROWDER v. THE STATE.

UNDERCOFLER, Presiding Justice.

Roy Crowder was convicted of the offense of rape which occurred on January 1, 1974, and was sentenced to serve fourteen years in the penitentiary. He appeals. *Held:*

1. The appellant contends that the *identification* testimony of the victim had to be supported under Code

Ann. § 26-2001 (Ga. L. 1968, pp. 1249, 1299). There is no merit in this contention. Code Ann. § 26-2001 provides that "No conviction shall be had for rape on the unsupported testimony of the female." The evidence was sufficient to authorize the verdict. The victim's testimony was supported by an immediate outcry to the police, blood, grass and mud on her clothing, an injury to her head requiring six stitches, and medical testimony. The victim positively identified the defendant as one of her assailants. Although the victim did not know the defendant at the time of the attack, she subsequently saw him twice and each time notified the police who finally apprehended him. *Ponder v. State,* 229 Ga. 720 (1) (194 SE2d 78).

2. Counsel for the appellant asked the victim if she had ever been treated for veneral disease and she replied that she had not. The state objected to this line of questioning. Counsel for the appellant abandoned this line of questioning and it cannot be reviewed in this court.

3. The appellant attempts to raise for the first time in this court objections to certain questions propounded during the trial. "We have held in the past and so hold now that a party cannot sit idly by and ignore what appears to him to be an injustice, in the hope of a favorable verdict, and then complain when these hopes are denied him by an unfavorable one. *Daniels v. State,* 230 Ga. 126 (2) (195 SE2d 900); *Joyner v. State,* 208 Ga. 435 (2) (167 SE2d 221)." *Strozier v. State,* 231 Ga. 140 (1) (200 SE2d 762).

4. The victim testified that her assailants were the appellant, a tall man whom she positively identified, and a short man; that she could not identify the short man because he wore a particular-type blue hat over his face most of the time and had a "silver" pistol. Percy J. Moore, III, testified that on January 26, 1974, Linus Coleman, Jr., the appellant, and a short man, Louis McClure, were at his home and that the appellant and McClure had a silver-looking pistol and that McClure wore a little blue "bebop" hat made of cloth. McClure testified that he owned a gun, that he had known the appellant for nine years and that he was with him on January 26 at the address of the "deceased." Objection was made to the introduction of this evidence on the basis that it placed the

character of the appellant in evidence and because McClure referred to the "deceased."

The appellant also contends that McClure was handcuffed when he was brought into the courtroom the day before he testified and that this prejudiced his case. The trial judge stated that when McClure was brought into the courtroom on the previous day, a detective was in front of him and another behind him and that the jury could not see any handcuffs.

There is no merit in the contentions of the appellant. The evidence that the appellant had an old friend who owned a "silver-looking" gun and was short did not place his character in evidence. The reference to a "deceased" did not introduce evidence of another crime into this rape case. Since there was no evidence introduced that the jury saw the witness in handcuffs, no prejudice is shown.

5. The appellant contends that the trial court erred in allowing the state to ask him if he had ever seen a certain pistol. The appellant testified that he had not seen that particular pistol but that McClure had a similar one. He also denied that he and McClure were good friends. The appellant contends that this injected his character into evidence and was irrelevant and prejudicial. There is no merit in these contentions.

6. "The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown there has been an abuse of that discretion. No such abuse is disclosed by this record. *Moore v. State,* 221 Ga. 636 (2) (146 SE2d 895); *Gravitt v. State,* 220 Ga. 781 (6) (141 SE2d 893)." *Davis v. State,* 230 Ga. 902 (3) (199 SE2d 779).

7. The appellant contends that the presumption of innocence was the only defense available to him and that he was not allowed to explain his defense to the jury. He contends that this amounts to a denial of due process under the State and Federal Constitutions. The appellant does not cite any portions of the transcript to indicate where he was denied the right to explain his defense. *Estes v. Perkins,* 225 Ga. 268, 270 (167 SE2d 588). The record shows that the appellant testified during the trial of the case and explained his defense fully to the jury. There is no merit in this contention.

8. The appellant contends that he was brought before the bar for trial on two separate unrelated capital felonies, that the state did not announce until the moment of trial which would be tried first and that this deprived him of due process under the State and Federal Constitutions. The district attorney's brief contends that the trial calendar for Fulton County is published well in advance of the trial date. The record is silent on all of these contentions and no decision can be made thereon.

9. The appellant contends that it was a gross abuse of professional ethics to mark the pistol identified as similar to the one used in the rape as "State's Exhibit No. 2" and then fail to introduce it into evidence. The district attorney's brief states that the pistol was not introduced into evidence because no one was able to positively identify the weapon as the one used during the rape.

The appellant does not assert that he objected to the marking of the pistol during the trial of the case and he cannot for the first time raise this objection in this court. *Strozier v. State,* 231 Ga. 140 (1), supra.

10. The trial court fully charged the jury on the presumption of innocence and stated that this presumption remained with the accused until his guilt was established by evidence beyond a reasonable doubt and "to the exclusion of every other reasonable hypothesis save that of the guilt of the accused. The burden is upon the state to do this. If the state succeeds in doing this, you would be authorized to find the defendant guilty, and if not, you *would be authorized to find the defendant not guilty.*" The appellant contends that the trial court abrogated the presumption of innocence by implying that there is a condition precedent to the defendant's being found not guilty.

There is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 20, 1975 — DECIDED FEBRUARY 5, 1975 — REHEARING DENIED FEBRUARY 25, 1975.

*G. Alan Blackburn,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet,*

*R. David Petersen, Assistant District Attorneys,* for appellee.