61356. MITCHELL v. THE STATE.

Pope, Judge.

Defendant was indicted for the offense of violation of the Georgia Controlled Substances Act in the sale of marijuana. At his trial he asserted the affirmative defense of entrapment. He was convicted and sentenced to serve a term of five years imprisonment. Defendant then filed a motion for new trial which was later amended and denied after a hearing. The defendant appeals. *Held:*

1. The substance of the evidence by the state and the defendant is somewhat similar in many instances, although there are many differences in the testimony. An undercover agent was brought into the county for the purpose of buying marijuana. This witness testified he approached the defendant because the agent witness and another had "made an undercover drug buy" from the defendant's

brother. At the residence of the brother and the defendant he asked the defendant where the brother was that night and finding that he was out of town asked the defendant if he knew of a location where he could purchase a quantity of marijuana. He and the defendant then proceeded to another location in the defendant's car allegedly to obtain a quantity of marijuana. Other persons with the undercover agent witness followed him and the defendant in another automobile. At another residence some distance from the defendant's residence defendant advised, "the subject is nervous to strangers," hence it would be best for the undercover agent witness to give him the money and for him to go in and get the marijuana and for this witness to return to the residence and wait for him to return with the marijuana. The price as quoted by the defendant was given to the defendant. The undercover agent witness returned to the residence, and upon the defendant's return he removed from an army field jacket (upper right pocket, "with his right hand") and gave the undercover agent witness "a green leafy material contained in a clear plastic bag" at which time the witness testified the transaction was complete.

The defendant on direct examination denied that he sold the marijuana but that this undercover agent witness, whom he knew as Nathan or Nate, had requested him to buy him some beer which he did and then asked "for some marijuana, reefer," but that he did not know where he could "find a reefer." But in riding around with him and approaching a crowd of people the agent requested him to ask these people if they knew where he could find some marijuana, and "we ask them about the marijuana. So, one of the dudes said, 'Yes, I have got some marijuana,' said 'It's going to cost you $35.00,' Nathan gave me $35.00 . . . He gives me the $35.00. I give the $35.00 to the man. The man give me the bag of reefers. I give the reefers to Nathan."

In consideration of the general grounds of the motion for new trial, the admission of the defendant as to the purchase of the marijuana, the non-acceptance of the defense of entrapment by the jury's not returning a not guilty verdict, as well as a careful review of the entire record and transcript, causes us to find and hold that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt as to the sale of marijuana in violation of the Georgia Controlled Substances Act. The general grounds of the motion for new trial are not meritorious. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

2. Defendant enumerates as error the admission of evidence relating to his prior conviction for marijuana possession. His objection is based upon Code Ann. § 38-415 which states that no

evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue.

The transcript of the case sub judice indicates that on direct examination the defendant was giving a narrative of the various activities in which he and an undercover police officer had participated. The defendant testified that on several occasions the undercover officer had asked the defendant if he knew where to obtain some marijuana. The defendant stated, "I would always say, 'Naw, I don't know where you can get no marijuana, I just don't know where you can get none. I don't mess with it. I don't know where you can get any marijuana.' "

On cross examination the district attorney asked the defendant, "Now, Mr. Mitchell, you made the statement to the question by your lawyer, Mr. Fears, that you didn't sell any marijuana and that you didn't fool with it, is that right?" The defendant answered, "Yes, sir." The district attorney questioned further stating, "You don't fool with marijuana?" The defendant responded, "No, sir." The district attorney attempted to ask another question stating, "You never have in your life?" At that point the defendant's attorney made his objection.

The trial court allowed the introduction of evidence of defendant's prior conviction for marijuana possession for the limited purpose of contradicting the defendant's testimony. Assuming that defendant's statement was not sufficient to place his character in issue because he was repeating a statement made to a third party and not directly responding to an attorney's question (compare *Murray v. State,* 157 Ga. App. 596 (278 SE2d 2) (1981)), the defendant may still be impeached by contradictory statements. This court has held that "while a criminal defendant is not subject to impeachment by proof of general bad character or prior convictions until he puts his general good character in evidence, he is subject to impeachment the same as any other witness." *Favors v. State,* 145 Ga. App. 864, 865 (244 SE2d 902) (1978). Code Ann. § 38-1802 provides that a witness may be impeached by disproving the facts testified to by him. Certainly the defendant's statement that he did not "mess" with marijuana, made on direct examination, and his response of "No, sir" when asked the question "You don't fool with marijuana?" on cross examination could be construed as a denial by defendant that he had ever been involved in any offenses involving marijuana.

We therefore uphold the trial court's admission of the evidence of his prior conviction of marijuana possession in order for the jury to decide if his credibility was impeached.

3. The remaining enumerations of error deal with written

requests to charge with reference to the presumption of innocence, reasonable doubt and affirmative defense of entrapment. The substance of the requests was amply covered in the charge as given, and the trial court did not err in refusing to give the verbatim requests even if such requests were essential amplification of the standard instruction as to the requirement of proof beyond a reasonable doubt and were correct statements of applicable law. No longer is the court required to give the exact verbatim written request, provided the charge covers the general principles of law which the jury must consider in reaching a correct conclusion upon questions submitted for consideration with or without requests. *Crowder v. State,* 233 Ga. 789, 792 (10) (213 SE2d 620); *Leutner v. State,* 235 Ga. 77, 81 (5) (218 SE2d 820); *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365); *McClendon v. State,* 231 Ga. 47, 48 (4) (199 SE2d 904).

*Judgment affirmed. Quillian, C. J., Deen, P. J., Shulman, P. J., Banke, Birdsong, Carley and Sognier, JJ., concur. McMurray, P. J., dissents.*

DECIDED APRIL 30, 1981—
REHEARING DENIED MAY 26, 1981

*Alfred D. Fears, William P. Bartles,* for appellant.
*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.

McMURRAY, Presiding Judge, dissenting.

I concur fully with Divisions 1 and 3 of the majority opinion. But I cannot agree with Division 2 and the judgment of affirmance.

Defendant's sole defense at his trial was that of entrapment. The substance of the evidence by the state and the defendant is somewhat similar in many instances although there are many differences in the testimony. An undercover agent had been brought into the county for the purpose of buying marijuana. This witness testified he approached the defendant because the agent witness and another had "made an undercover drug buy" from the defendant's brother. At the residence of the brother and the defendant he asked the defendant where the brother was that night and finding that he was out of town asked the defendant if he knew of a location where he could purchase a quantity of marijuana. He and the defendant then proceeded to another location in the defendant's car allegedly to obtain a quantity of marijuana. The state's witness then established the purchase of the marijuana. See Division 1 of the majority opinion.

The defendant on direct examination admitted that this undercover agent witness, whom he knew as Nathan or Nate and had seen on several other occasions, had requested him to buy him some beer which he did and then asked "for some marijuana, reefer," but that he did not know where he could "find a reefer." But in riding around with him and approaching a crowd of people the agent requested him to ask these people if they knew where he could find some marijuana, and "we ask them about the marijuana. So, one of the dudes said, 'Yes, I have got some marijuana,' said 'It's going to cost you $35.00,' Nathan gave me $35.00 . . . He gives me the $35.00. I give the $35.00 to the man. The man give me the bag of reefers. I give the reefers to Nathan."

The first and second enumerations of error complain that the trial court committed harmful error in allowing the state, over timely objection, to place the defendant's character into evidence without his first having placed same into issue and thereafter in overruling defendant's motion for mistrial based upon the same situation. In my opinion these alleged errors are meritorious. The majority, upon reviewing the facts, has placed its construction on defendant's response during cross examination as constituting a denial that he had ever been involved in any offenses involving marijuana. I, therefore, must point out the chain of events here involved.

During direct examination of the defendant in the defense phase of the case, defendant testified, *after admitting the purchase of the marijuana for the undercover agent,* as shown above, that the undercover agent witness had given him one of the beers out of the six-pack purchased "and so he left and I seen him five or six times after that. He always asked me did I know where he could get some marijuana, and I would always say, 'Naw, I don't know where you can get no marijuana, I just don't know where you can get none. I don't mess with it. I don't know where you can get any marijuana." Clearly, this evidence involved activities by and between the undercover agent and the defendant *after the purchase of the marijuana in question,* not prior to the purchase, nor did defendant claim he did not ever "mess" with marijuana.

On cross examination thereafter defendant's answer to a question by the district attorney that "you made the statement to the question by your lawyer, . . ., that you didn't sell any marijuana and that you didn't fool with it, is that right?" was "Yes, sir." He was then asked the question, "You don't fool with marijuana?" to which he replied, "No, sir." He was then asked, "You never have in your life?" Whereupon objection was made that this was an improper question.

After considerable colloquy in the absence of the jury, a motion for mistrial was made inasmuch as the court, defense counsel and the

district attorney were aware that some five years before in 1975 the defendant had been convicted of possessing less than one ounce of marijuana for which he was sentenced to confinement for a period of 12 months. The trial court construed the defendant to have answered "I don't have any marijuana, and I don't fool with it," and that this "opened the door enough for him [district attorney] to ask the question about this," the district attorney contending that he had proof that he does fool with it.

However, the testimony to which the defendant had testified was that *since the alleged sale of marijuana the undercover agent witness had returned to ask him to get some more marijuana to which he had replied that he did not know where he could get any marijuana,* that is, "I don't mess with it, I don't know where you can get any marijuana."

The general character of a defendant on trial for the commission of a crime and his character in other transactions is irrelevant unless the defendant himself chooses to put his character in issue. See Code §§ 38-201, 38-202; *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615); *Brown v. State,* 118 Ga. App. 617, 618 (1) (165 SE2d 185).

Generally, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial even though it be a crime of the same sort, is irrelevant and inadmissible unless the witness has placed his character in other transactions in issue. See *Brown v. State,* 118 Ga. App. 617, 619, supra, and cases cited therein; *Cawthon v. State,* 119 Ga. 395, 396 (4-6), 409-411 (46 SE 897); *Cox v. State,* 165 Ga. 145 (1) (139 SE 861). The defendant had not placed his character in evidence. Consequently, if there is evidence of an independent crime allowed in evidence which is irrelevant and inadmissible it is naturally prejudicial and requires the grant of a new trial. See *Stanley v. State,* 94 Ga. App. 737 (1), 740-743 (96 SE2d 195); *Wiggins v. State,* 80 Ga. App. 258 (2), 260 (55 SE2d 842); *Folds v. State,* 90 Ga. App. 849, 852 (2) (84 SE2d 584); *Sikes v. State,* 76 Ga. App. 883 (1), 884 (47 SE2d 677). The misdemeanor conviction in no way contradicted the testimony of the defendant here. *Carroll v. State,* 77 Ga. App. 251, 253 (48 SE2d 491).

The trial court denied the motion for mistrial, stating in the colloquy, "I think that opened the door enough for him to ask the question about this." In this instance, the defendant was speaking of the present and not of the past. This would not authorize a question that "You never have fooled with marijuana?" Whereupon the court ruled, "I am going to let the State put in that record of his previous plea to rebut an earlier statement that he made on direct examination." At that particular point in time the court was not even

aware that the state intended to put defendant's previous conviction in the record in rebuttal of his statement that he did not "mess with marijuana."

When the jury returned to the courtroom after the recess the defendant was asked if he remembered being tried earlier in the court on the "28th day of April, 1975 by a Jury" (this apparently was a reference to the earlier conviction of possessing less than one ounce of marijuana), to which the defendant answered, "Yes, sir." Another motion for mistrial was made and denied, at which time the court, without any presentation of the earlier conviction, instructed the jury that his arrest and conviction for the sale of less than one ounce of marijuana would be admitted "for the purpose of contradiction, if it does contradict, what the witness said with respect to marijuana and the Court is admitting the sentence of the Court in April of 1975 for the possession of marijuana, and that is being admitted for the limited purpose of rebutting the Defendant's testimony. Whether it does rebut it is a question for the Jury to decide. Now, it is not being admitted for the purpose of illustrating the Defendant's guilt of the charge now before the Jury, but it is being admitted only for rebuttal purposes and the Jury will not consider it for any other purpose." The district attorney only then, at this point during the trial, tendered into evidence a certified copy of the sentence and the indictment with the verdict and sentence in 1975 as to the possession of less than one ounce of marijuana, at which time the redirect examination of the defendant continued. It is noted, however, that at no time did the defendant deny his arrest and trial but answered forthwith, "Yes, sir." Consequently, there was nothing to rebut or impeach, and the trial court erred in allowing copies of this indictment, conviction and sentence in evidence here.

The cases of *Hughes v. State,* 141 Ga. App. 506, 507 (2) (233 SE2d 872) (burglary), and *Favors v. State,* 145 Ga. App. 864, 865 (244 SE2d 902) (motor vehicle theft), are inapposite inasmuch as in the *Hughes* case the defendant had responded that he was not a criminal and was not the type to commit a burglary; and in the *Favors* case the defendant responded he had "never dealt with anything like that before." In such a situation the witness may be impeached by disproving facts testified to by him. A felony conviction being one involving moral turpitude because of the infamy of the offense, it may be used to impeach the testimony of a defendant as a witness. See *Lewis v. State,* 243 Ga. 443, 446 (254 SE2d 830), wherein other cases involving moral turpitude have been cited such as *Gaddis v. State,* 239 Ga. 238, 241 (7) (236 SE2d 594). However, it is clear here that the conviction was that of a misdemeanor not involving moral turpitude and could not be used to impeach the testimony wherein the

defendant *did not state* that he never did "mess with" or "fool with" marijuana. Here he admitted he purchased the marijuana for the undercover agent as his sole defense was entrapment. The trial court erred in allowing the testimony as to his arrest, conviction and sentence as well as a certified copy thereof in evidence against him. In my opinion, both enumerations of error are meritorious, requiring a new trial. See *Brown v. State*, 118 Ga. App. 617, 621, supra, wherein the cases of *Reid v. State,* 56 Ga. App. 112, 115 (191 SE 657); *Lewis v. State,* 59 Ga. App. 387, 388 (1 SE2d 62); *Felton v. State,* 93 Ga. App. 48 (1), 49 (90 SE2d 607); and *Smoot v. State,* 146 Ga. 76 (1), 80 (90 SE 715), are cited in support of the ruling as to the proper handling of motions for mistrial in similar situations.

Here the trial court allowed the document in evidence before the state's counsel completed the cross examination and even before state's counsel elicited a reply to a question that he (defendant) had been found guilty of possession and having control of less than one ounce of marijuana, the defendant having only been asked at that point in time if he remembered being tried in 1975 by a jury.

As I would reverse the conviction here, I therefore respectfully dissent.