DECIDED MARCH 5, 1930.

*J. P. Knight,* for plaintiff in error.
*H. C. Morgan, solicitor-general, A. D. Tucker,* contra.

## 20251. TATE *v.* THE STATE.

Decided March 5, 1930.

302

· *H. E. Combs, Earle Norman, C. E. Sutton,* for plaintiff in error.
*M. L. Felts, solicitor-general, F. W. Gilbert,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) ■ The demurrer to the indictment was properly overruled.

■ The 1st special ground of the motion for a new trial alleges that the court erred in admitting in evidence an insurance policy issued by the Royal Insurance Company, covering the same property insured by the Hartford Insurance Company, because to admit in evidence a policy of another company was both immaterial and irrelevant to the issues involved, and because said defendant was charged with attempting to defraud a specifically named company. "To admit another policy in another company not named in the indictment would be to try the defendant for an offense not named

in the indictment." The objection that this evidence was "immaterial and irrelevant" is too general to be considered. *Chambers* v. *Kicklighter*, 39 *Ga. App.* 670 (3) (148 S. E. 283), and cases cited. For no other reason alleged did the court .err in admitting in evidence the policy of the Royal Insurance Company. The two policies introduced covered the Union Baptist Church located in Washington, Georgia. There had been but one fire, and it was not necessary for the indictment to allege an intent to defraud both companies.

■ For no reason alleged did the court err in admitting in evidence certain receipts signed by Sim Reid, Peter McMekin and Ben Sanders, as trustees of the church, showing that the insurance carried by the Hartford and Royal insurance companies had been paid to said trustees. These receipts were objected to "because they showed on their face that they were not signed by movant, and that movant did not collect this insurance from either of the companies, and that movant was not shown to be one of the named trustees receiving the money." Under the indictment it was necessary only to show that the trustees alleged in the indictment collected the insurance, and that this defendant conspired with them in so doing.

■ Special ground 3 of the motion shows that Ben Sanders was offered as a witness for the State. His attorney,. H. E. Combs, objected to his testifying, "on the ground that he was charged with the same offense in the same indictment with movant, and that to allow him to testify as a State's witness might elicit evidence incriminating the witness on the same charge." At first the judge sustained the objection, but finally announced that he would allow the witness to be examined, but "would permit the witness himself to determine whether or not these questions were incriminating."

The court then instructed the witness as follows: "Ben, you would not be required, and it is your right to refuse, to answer any question that might be asked you concerning the burning of the church. You would not be required to incriminate yourself. You have that constitutional right. It is your right not to answer anything that would implicate you in this alleged arson." These instructions were not excepted to. The witness was then examined and testified as follows: "I had a conversation with Earl McLendon with reference to that church about a month before the

house was burned. I was riding along in his automobile. He asked me what I thought about sticking fire to it. I asked him who was he going to get to do it, and he said he had a man, and I asked him who was it, and he said Charlie Tate." But the witness, taking advantage of the instructions given him by the court, refused to answer any questions asked by counsel for the defendant that "would tend to contradict his story, discredit his testimony, and explain why he was a willing witness for the State." It is urged that the ruling of the court "robbed the movant entirely of his right of cross-examination, and allowed a witness to give most damaging testimony without allowing movant the right to disprove it by the witness himself." There is no merit in this contention. The court did not err in instructing the witness as to his constitutional right.

■ In special grounds 4 and 5 of the motion an objection was urged to certain evidence offered by the State which showed that one of the defendants (McLendon or McMekin), an alleged coconspirator, had made a statement which connected the defendant on trial, Charlie Tate, with the burning of the church. The objection in each ground was practically the same, and was that "a prima facie conspiracy had not been shown, and evidence of acts and declarations of one of the alleged conspirators can only operate against the person whose acts and declarations are proved, and Earl McLendon [the defendant named as making the declarations which implicated Charlie Tate], a joint conspirator, was not on trial and his acts and declarations are not admissible against the defendant Charlie Tate." The evidence objected to in each of these grounds should not have been ruled out for the reason urged. This evidence was admissible even though the evidence of the conspiracy was not introduced until after this evidence had been received. The 2d headnote in *Barrow* v. *State*, 121 *Ga.* 187 (48 S. E. 950), is as follows: "The acts and sayings of one accomplice during the pendency of the common criminal enterprise are admissible against the other. Though evidence is objectionable because conspiracy was not proved, if it be afterwards shown, it renders the evidence competent." The same principle is announced in *Cook* v. *State*, 22 *Ga. App.* 779 (97 S. E. 264). In *McDaniel* v. *State*, 103 *Ga.* 270 (3) (30 S. E. 29), it was said: "While it is the better practice to require proof of the conspiracy before admitting such

declarations, the admission of the evidence in a different order will not be ground for a new trial." In *Wall* v. *State*, 153 *Ga.* 317 (112 S. E. 142), Justice Hines said: "Acts and declarations of a codefendant or alleged conspirator are admissible against the other only when made and done during the pendency of the criminal enterprice and in furtherance of its object." The statements made by the codefendants in this case were made "during the pendency of the criminal enterprise and in furtherance of its object." In the argument of counsel for plaintiff in error it is urged as to ground 4 that when the witness had given evidence damaging to defendant, and on cross-examination refused to answer certain pertinent questions, on the ground that so doing would tend to criminate himself, all of his evidence ought to have been ruled out. See *Hays* v. *State* 16 *Ga. App.* 21 (4) (84 S. E. 497). However, no motion to rule out the evidence elicited on direct examination was made.

■ There is no error in the excerpt from the charge of which complaint is made in special ground 6 of the motion.

■ The determination of questions of fact is for the jury, and when they have passed upon the facts, and the judge who tried the case has approved their finding, this court is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*