24415. SPEAR *v.* THE STATE.

DECIDED MARCH 26, 1935.

*R. Terry,* for plaintiff in error.

*B. H. Chappell, solicitor,* contra.

MACINTYRE, J. The defendant was charged with possessing whisky. His statement to the jury was in part: "I am in the doughnut business, and not in the whisky business. I have never drunk whisky. I have never fooled with it, and have never had it around my house or place of business, and have never allowed it to be around." Thereafter, over the objection that the evidence was illegal, irrelevant, and inadmissible, threw no light on the transaction on trial, and put in issue the character and reputation of the defendant without his consent and without his having first put his character in issue, the State introduced, in rebuttal to the statement of the defendant, testimony as follows: "We have caught Spear with whisky several times prior to the commission of this offense. One time prior we caught him with 60 gallons in the attic of the doughnut plant, and another time with 14 gallons. On the 60-gallon case he hasn't been convicted, but was tried, and there was a mistrial."

The evidence was admissible to rebut the material fact of good character (as to possession of whisky) asserted by the defendant in his statement. *Barnes* v. *State,* 24 *Ga. App.* 372 (3, 4) (100 S. E. 788); *Knighton* v. *State,* 40 *Ga. App.* 489 (150 S. E. 432); *Cowart* v. *State,* 33 *Ga. App.* 122 (125 S. E. 770).

2. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*