## 50534. WILLIAMSON v. THE STATE.

EVANS, Judge.

Defendant was indicted for the offense of violation of Georgia Drug Abuse Control Act in that he unlawfully distributed and sold to Jennifer Thompson *Phencyclidine (PCP),* a drug controlled by the Georgia Drug Abuse Control Act.

It is quite important to note the name of the drug involved as the general grounds of motion for new trial

must be considered in the light of whether it was proven that this specifically named drug was distributed by the defendant.

1. Jennifer Thompson, agent for the state, testified defendant offered to sell to her *THC drugs* for $2.50 a hit (Tr. p. 56), and he later delivered to her "the pills" which she wrapped in a piece of notebook paper and placed in her pocket. (Tr. p. 65) At another time the drug was referred to by this witness as "the tablets" (Tr. p. 69); and she admitted that the substance of same was unknown to her (Tr. p. 73).

Betty Ann Walker testified that she was Senior Toxicologist for the State Crime Laboratory; that she had been with the state for about five years and during this time she had run several thousand tests of drugs (Tr. p. 2) and that Jennifer Thompson brought to her at the State Crime Laboratory a brown bag which contained eight blue one-half scored *tablets* (Tr. p. 3). She brought only five and one-half tablets to court, having used 2 1/2 tablets in her tests or analysis (Tr. p. 6).

This witness also testified that the blue one-half scored tablets presented to her were *Phencyclidine hydrochloride,* and that the abbreviation for that drug is PCP or peace pills, and are also incorrectly called THC (Tr. p. 7). She testified positively that "the correct name for the chemical contained in the blue one-half scored tablet is *phencyclidine hydrochloride.*" (Tr. p. 8).

She testified in detail on the question of the correct name and analysis of the alleged contraband narcotics in the transcript on pages 105, 106, 111, 112, 113, 114, 116 and 118.

But at no place in her entire testimony, nor elsewhere in the transcript, was it testified that *Phencyclidine (PCP)* is the same drug or known or called as the same drug as *Phencyclidine hydrochloride.* This witness' testimony that the abbreviation for *Phencyclidine hydrochloride* is PCP (or peace pills) does nothing to aid the state's cause because the indictment did not use the term *Phencyclidine hydrochloride;* hence its initials are immaterial.

The state introduced as an exhibit an envelope containing five and one-half tablets of *Phencyclidine*

*hydrochloride* (Tr. p. 175).

2. From the foregoing it is readily seen that the state drew its indictment as to a narcotic with a very technical name and failed to use the correct name. At no place in the indictment was the defendant advised that he was charged with distribution of a drug which was in part composed of *hydrochloride,* although its expert witness testified that the correct name of the narcotic here involved included hydrochloride, and it introduced an envelope containing five and one-half tablets of phencyclidine *hydrochloride.*

3. Further, the state's expert witness testified that there is a difference between *phencyclidine* and *phencyclidine hydrochloride. Phencyclidine* by itself is the base, but if the substance is *phencyclidine hydrochloride* it is the salt (Tr. 105).

The expert witness further testified that *phencyclidine* does not contain chlorine, but that *phencyclidine hydrochloride* does contain a chloride ion. She was asked whether in this case she examined *phencyclidine* or *phencyclidine hydrochloride* and she replied that she examined the *hydrochloride* (Tr. p. 106).

4. Thus, the word *"phencyclidine"* as used in the indictment was proven by the state's expert witness to be an entirely different drug from *"phencyclidine hydrochloride."* It is proper to use experts to give the definition of words of art or words connected with a particular trade or subject matter. Code § 102-102 (1).

5. The state cites *Holbrook v. State,* 129 Ga. App. 129 (2) (199 SE2d 105), which holds that failure to allege the correct serial number of a stolen car is such a slight discrepancy as not to warrant a reversal. We agree. But suppose it had been alleged in the indictment that the stolen car was a Buick, and the proof showed it to be a Ford? That is the kind of situation with which we are confronted here. Here the words have two different meanings, and it cannot be characterized as a mere slight discrepancy.

6. In *State v. Pettus,* 133 Ga. App. 622 (212 SE2d 9), a demurrer was held to be without merit when defendant attacked the word "glutethimide" because it was not alleged whether it was a depressant or stimulant. The

court pointed out that the rules of Georgia State Board of Pharmacy (Rule No. 480-0-01 (2) (3) (iii)) classified glutethimide as a depressant or stimulant. Again, in *State v. Ogles,* 133 Ga. App. 802 (213 SE2d 60), a demurrer was held to have been correctly overruled where the indictment alleged defendant had possession of phencyclidine. But the question was not raised there that the evidence showed the drug to be an entirely different drug, to wit, *phencyclidine hydrochloride.* Thus, those cases have no relevancy to the case here.

7. We have examined the other enumerations of error and find them to be without merit.

8. Because the probata did not meet the allegata in the indictment, this case must be reversed on the general grounds.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED APRIL 9, 1975 — DECIDED MAY 19, 1975.

*W. W. Larsen, Jr.,* for appellant.

*Reginald Thompson, District Attorney,* for appellee.

EVANS, Judge. Addendum.

The original opinion by the Third Division of the Court of Appeals reversed this case on the 19th day of May, 1975.

Since then, the Supreme Court of Georgia on May 27, 1975 has left it beyond peradventure that we were correct in such reversal in that it held in *Sundberg v. State,* 234 Ga. 482, that the State Board of Pharmacy was without authority to hold that the possession of Phencyclidine Hydrochloride constitutes a crime. Thus the evidence in this case was insufficient to hold the defendant guilty of any crime.

Further, it would appear to us that the several affirmances by the Court of Appeals in cases where defendants were indicted for this drug (possession of Phencyclidine Hydrochloride) should be vacated and set aside.

But on March 18, 1974, the General Assembly adopted The Georgia Controlled Substance Act, and the

possession of any quantity of Phencyclidine after July 1, 1974, is now controlled by statute. See Code Ann. § 79A-808, Schedule III (Ga. L. 1974, pp. 221, 238).

For the above reason we reiterate our judgment of reversal.

*Stolz, J., concurs. Deen, P. J., concurs in the judgment only.*