### 51208. HOWARD v. THE STATE.

MARSHALL, Judge.

Howard appeals his conviction and fifteen-year sentence for burglary enumerating two errors. *Held:*

1. Appellant contends in his first enumeration of error that the trial court erred in instructing the jury that appellant's silence when circumstances required him to speak may amount to an admission. Appellant had been apprehended by policemen near the scene of a reported burglary of the prosecutrix' house. He was taken by the police to the prosecutrix' house for identification. While appellant was in physical custody of the police, he had not been advised of his rights. The prosecutrix, who had surprised and confronted the burglar while he was in the process of burglarizing her house, identified the appellant as the burglar. The appellant did not answer or deny the identification at that time. Appellant contends that, because he was in police custody at the time, he was not required to speak, and that to hold his silence against him violates his Fifth Amendment right to remain silent.

The trial court's instruction was based upon Code § 38-409, which provides: "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." Appellant asks us to rule that whenever a person is in police custody, Code § 38-409 should not apply, because it would be inconsistent to require him to speak in circumstances where he has been, or should have been, warned under Miranda that he did not have to say anything.

At first glance there may appear to be a conflict between the holding approving a similar charge in *Bennett v. State,* 231 Ga. 458 (2) (202 SE2d 99) and Miranda v. Arizona, 384 U. S. 436, 468 (86 SC 1602, 16 LE2d 694) where, in footnote 37, the U. S. Supreme Court said: "In accord with our decision today, it is im-

permissible to penalize an individual for exercising his Fifth Amendment privilege when he is *under police custodial interrogation.* The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation. [Cits.]" (Emphasis supplied.)

However, we feel there is no conflict. Here, there was detention by the police but there was no interrogation. Thus, Miranda does not apply. There is a difference between official police interrogation and an identification by the victim of a crime which amounts to an accusation. It is the latter situation which we have here. Thus, there was no prohibited official police action in the incident and it was therefore quite proper for the trial court to let the jury decide the issue under *Bennett v. State,* 231 Ga. 458 (2), supra; *Emmett v. State,* 195 Ga. 517, 537 (25 SE2d 9); and *Kalb v. State,* 195 Ga. 544 (2) (25 SE2d 24).

2. The appellant also contends that his Fourth Amendment right against unreasonable searches and seizures was violated during the course of the trial. Appellant testified in his own defense. On cross examination he admitted that he had on his person the same wallet he carried on the day of the burglary. The significance of the wallet is that the prosecutrix had seen the burglar's wallet when she caught him burglarizing her house and had previously identified him primarily on the basis that she recognized his wallet. When the state's attorney asked appellant on the stand to produce the wallet, his attorney objected on the ground that such request violated appellant's Fourth Amendment right against unreasonable seizures. The trial court overruled the objection, required appellant to produce the wallet and same was admitted into evidence. The prosecutrix was then recalled by the state on rebuttal, and she identified the wallet as the one she had seen on the day of the burglary.

Whether appellant's objection is based on Fourth or Fifth Amendment grounds, we conclude that the appellant was not harmed by the seizure of the wallet and its introduction into evidence. The prosecutrix had already testified that she had identified appellant on the basis of having seen his wallet both during the burglary

and after the police brought appellant to her house. She had also positively identified appellant during the trial without the aid of the wallet. Her recall and subsequent identification based on the wallet was merely cumulative of her own previous identification of appellant and, as such, was harmless beyond a reasonable doubt. See *Cauley v. State,* 130 Ga. App. 278 (2a) (203 SE2d 239).

*Judgment affirmed. Bell, C. J., concurs. Webb, J., concurs specially.*

ARGUED OCTOBER 6, 1975 — DECIDED JANUARY 7, 1976 —
REHEARING DENIED JANUARY 23, 1976 — 

*John W. Timmons, Jr., Robert D. Peckham, Jack H. Affleck,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

WEBB, Judge, concurring specially.

I concur in the judgment solely because I feel we are bound by *Bennett v. State,* 231 Ga. 458 (2) (202 SE2d 99); *Kalb v. State,* 195 Ga. 544 (2) (25 SE2d 24); and *Emmett v. State,* 195 Ga. 517, 537 (25 SE2d 9) although I am not in agreement with those decisions.