### 53920. COLE et al. v. THE STATE.

Argued May 5, 1977 — Decided May 13, 1977 —
Rehearing denied May 31, 1977 —

*Hudson & Montgomery, David R. Montgomery,* for appellants.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

Deen, Presiding Judge.

1. The appellants were indicted for selling "a quantity of hydromorphone." A chemist employed by the state crime lab testified that the samples he received tested positive for the presence of hydromorphone. He further testified that the pills in evidence were also known by the proprietary name of Dilaudid; he did not test the substance to determine if it was hydromorphone

in its pure state but it was his belief the pills were "some sort of salt" of hydromorphone, probably hydromorphone hydrochloride, consisting of hydromorphone (the "base") and chlorine. A defense witness identified the substance as Dilaudid, "a trademark name for hydromorphone," though he also testified the pills were hydromorphone hydrochloride, a salt of the free agent hydromorphone manufactured for use in dosage form and having greater water solubility. Reliance is placed in *Williamson v. State,* 134 Ga. App. 864 (216 SE2d 684) by the appellants in urging a reversal of their convictions. They argue that here, as there, a sale of the base was alleged but the salt was proved and that there exists a fatal variance between the allegata and probata.

In *De·Palma v. State,* 225 Ga. 465 (169 SE2d 801) it was established that the courts of this state in determining whether or not a variance is fatal will look to see if the accused has been definitely informed as to the charges against him, so that he may be able to present his defense and not be taken by surprise by the evidence offered at trial and if he is protected against another prosecution for the same offense. In light of this test it has recently been held that the fatal variance rule has been applied too restrictively in Georgia. *Dobbs v. State,* 235 Ga. 800, 802 (221 SE2d 576). *Williamson* is a decision upon which doubt has been cast by the trend away from the overly-technical application of the fatal variance rule. *Caldwell v. State,* 139 Ga. App. 279, 282, 291 (228 SE2d 219).

The indictments here charged the appellants with the unlawful sale of a "quantity of hydromorphone" in violation of the Georgia Controlled Substances Act. Apparently the appellants are willing to concede that the sale of some substance took place; what they contest is that the state has proven that substance to be what has been alleged — "a quantity of hydromorphone." All witnesses agree that the substance contains hydromorphone, whether or not in its free state or as the base of a salt thereof. Dilaudid, a proprietary name for the drugs, has been identified as hydromorphone hydrochloride, a dosage drug, differing from pure hydromorphone therefore in its greater water solubility.

Code Ann. § 79A-807 (b) (1) (xi) defines hydromorphone or a salt thereof as a "controlled substance." "One of the main purposes of the indictment is to give the person charged notice of that particular crime against which he must defend. Most 'variances' take nothing away from the perfectly adequate notice contained in the indictment." *Green v. State,* 124 Ga. App. 469, 470 (184 SE2d 194). Our review of the record leads to the inescapable conclusion that an indictment charging the sale of a "quantity of hydromorphone" did not mislead or misinform the appellants as to the offense charged in such a manner that it impaired their ability to defend or that it surprised them at trial. Nor can they be subjected to a subsequent prosecution. *Alexander v. State,* 139 Ga. App. 338 (228 SE2d 364).

*Williamson* was decided under the old Drug Abuse Control Act, since repealed. In an addendum to that opinion itself it was recognized that its holding would not be viable under the Georgia Controlled Substances Act. 134 Ga. App. pp. 867-868. For this reason and in light of the recent judicial expression of disapproval of overly-technical application of the fatal variance rule, we decline to follow *Williamson* and limit it to its facts. Indeed, *Williamson* may never have been good law. See *Tischmak v. State,* 133 Ga. App. 534 (1) (211 SE2d 587). The appellants' motions for directed verdicts were properly denied. See *Caldwell v. State,* 139 Ga. App. 279, 291 (footnote 12), supra.

2. The remaining enumeration of error is without merit. *Loder v. State,* 140 Ga. App. 166 (230 SE2d 124).

*Judgments affirmed. Webb and Marshall, JJ., concur.*