58484. RICK v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of the offenses of possession of Pethidine and attempting to obtain Pethidine by forgery. Finding no error, we affirm.

1. Since defendant has offered no argument or citation of authority to support his contention of error in the admission of certain evidence, this enumeration of error is deemed abandoned under Rule 15 (c) (2) of this court's rules (Code Ann. § 24-3615 (c) (2), F.L. Code Ann. § 24-3618 (c) (2)). See also *Brooks v. State,* 141 Ga. App. 725, 730 (234 SE2d 541).

2. Appellant does not contest the trial court's determination that his motion to suppress, as originally filed, was legally deficient but complains on appeal of the court's refusal to allow counsel for the defendant to amend such motion. In view of the statutory requirement that motions to suppress be made in writing (Code Ann. § 27-313 (b); see also *West v. State,* 120 Ga. App. 390 (1) (170 SE2d 698)), defendant's attempt to amend his motion orally was unacceptable. Since an oral motion to suppress is procedurally defective (*Singleton v. State,* 138 Ga. App. 706 (1) (227 SE2d 472)), and since defendant's written motion to suppress was substantively defective, the court properly dismissed the motion.

3. Appellant contends that the trial court erred in admitting his confessions into evidence, submitting that his statements were the product of an illegal arrest and as "fruits of the poisonous tree" were subject to exclusion. We disagree. Defendant's arrest was not illegal for any of the reasons asserted by defendant.

A. Appellant contends that his arrest was illegal in that the arresting officer failed to obtain a warrant. "[W]e believe that appellant's arrest falls within the purview of Code Ann. § 27-707 which authorizes a warrantless arrest of one where it appears that there is likely to be a failure of

justice for want of an officer to issue a warrant." *Morgan v. State,* 241 Ga. 485 (1) (246 SE2d 198). Thus, the fact that a warrant was not obtained prior to defendant's arrest does not render it illegal.

B. The evidence shows that appellant was arrested at his residence and that his residence was located on the county line. Under these circumstances, the trial court was authorized to find that the arresting officer (deputy sheriff) was not without authority to effect the arrest. See generally *Elder v. Camp,* 193 Ga. 320 (5) (18 SE2d 622), defining the powers and duties of sheriffs and their deputies. Cf. *Shirley v. City of College Park,* 102 Ga. App. 10 (2) (115 SE2d 469), where a warrantless arrest which was otherwise authorized under § 27-207 was not rendered illegal merely because the arrest was effected while the individual arrested was in a vehicle not completely situated within the officer's jurisdictional limits.

C. Moreover, despite appellant's contentions to the contrary, it is clear that the officer had probable cause to arrest the defendant. After receiving the driver's license number and license tag number of the suspect (from the pharmacist to whom the alleged forged prescription was presented), the officer traced the automobile registration and license number to the home of the defendant. Upon questioning the defendant's mother, the officer learned that the defendant had been operating the automobile at the particular time in question. When the defendant also admitted to the officer that he had been driving the automobile, he was placed under arrest. Under these circumstances, the police officer had probable cause to arrest the defendant. *Morgan,* supra.

D. We find no merit in appellant's contentions that the confessions were inadmissible as the product of a promise of leniency.

Though there was a conflict in the evidence as to whether a promise of reward for the statements had been made, the issue was fully explored in the Jackson v. Denno (378 U.S. 368 (84 SC 1774, 12 LE2d 908)) hearing. "The evidence heard . . . was sufficient to authorize the trial court to determine that the defendant was advised of his rights, that he was not placed under any duress, that

he seemed to understand his rights, that he was not under influence of drugs or alcohol and that he seemed completely aware of what was going on around him." *Walker v. State,* 146 Ga. App. 555, 556 (246 SE2d 737).

Thus, "[t]he trial judge's determination of voluntariness and admissibility, although based upon conflicting evidence, was supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210 SE2d 673) and was not error." *Smith v. State,* 146 Ga. App. 444 (1) (246 SE2d 454).

4. In his 4th enumeration of error, appellant contends that the court erred in allowing the state to recall a witness for an alleged improper purpose. We find no error.

"Allowing the recall of witnesses . . . is within the sound discretion of the trial judge. [Cits.] [Contrary to appellant's contentions the evidence sought to be] elicited was additional to prior testimony, not merely repetition, and was admissible." *Peters v. State,* 131 Ga. App. 513 (5) (206 SE2d 623).

5. Enumeration 5, which complains of the court's failure to direct a verdict in favor of the defendant, is also without merit. Inasmuch as there was direct evidence of defendant's guilt (e.g., identification of the defendant by the pharmacist as the individual who attempted to obtain Pethidine by the alleged forged prescription, as well as defendant's confessions) along with circumstantial evidence to support a determination of guilty on both counts, the court properly refused to direct the verdict for defendant. See generally *Collins v. State,* 146 Ga. App. 857 (2) (247 SE2d 602).

6. Defendant was indicted for the offense of possession of and attempting to obtain by forgery the drug Pethidine, listed as a Schedule II drug under Code Ann. § 79A-807 (c). Defendant contends that since the evidence went to prove that the defendant possessed and attempted to obtain Pethidine Hydrochloride, a fatal variance thus existed between the allegata and probata.

This issue is controlled adversely to appellant's contentions by *Cole v. State,* 142 Ga. App. 461 (236 SE2d 125). In *Cole,* this court held that proof of the sale of a salt compound of the base Schedule II drug named in the

indictment did not constitute a fatal variance. The court held that the indictment "did not mislead or misinform the [appellant] as to the offense charged in such a manner that it impaired [his] ability to defend or that it surprised [him] at trial." Id., p. 463. In addition, since it did not subject him to a subsequent prosecution, the variance took "nothing away from the perfectly adequate notice contained in the indictment. [Cits.]" Id. This being so, the variance between the allegata and probata in the case before us is not fatal and does not demand reversal.

7. Appellant asserts that his Fourth Amendment right against unreasonable searches and seizures and his right against self-incrimination were violated during the course of the trial. We disagree.

Appellant testified in his own defense. On cross examination he denied knowing his driver's license number but admitted having the license in his possession. Since the pharmacist who had received the alleged forged prescription had taken down the driver's license number of the suspect, such information was relevant.

When the state's attorney ordered appellant on the stand to produce the license, his attorney objected on the constitutional grounds asserted above. The trial court overruled the objection requiring the defendant to produce his license, which was then admitted into evidence.

Under the authority of *Howard v. State*, 137 Ga. App. 352 (2) (223 SE2d 745), revd. on other grounds, 237 Ga. 471 (228 SE2d 860), we find no error in the court's ruling. Moreover, since evidence as to the license number of the defendant had previously been admitted, the defendant was not harmed by the admission of the license. This being so, his objections on both Fourth and Fifth Amendment grounds were properly overruled. Id.

8. Defendant complains of the exclusion of a search warrant which had been obtained for the residence of one Brenda Brown.

Questions of relevancy are directed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal in the absence of an abuse of discretion. In view of the fact that no mention was made of a "Brenda" Brown (though an Eddie Brown had been

mentioned at trial), we find no reversible error in the court's refusal to admit the warrant into evidence. See *Johns v. State,* 178 Ga. 676 (3) (173 SE 917), overruled on other grounds, *Corbin v. State,* 211 Ga. 400 (86 SE2d 221).

9. Likewise, we find no error in the court's refusal to accept evidence in regard to the chemical compounds of drugs other than Pethidine and its derivations on the grounds that such evidence was irrelevant to the charges against appellant.

10. We held in Division 6 that there was no fatal variance between the allegata and probata in regard to the fact that the salt compound of Pethidine was proved at trial, though the base Pethidine was alleged in the indictment. Thus, we concomitantly hold that the court did not err in instructing the jury that they could convict the defendant on the offenses charged if they determined that defendant had had in his possession and attempted to obtain by forgery the salt compounds or derivations of Pethidine.

Since appellant has failed to assert any error mandating reversal, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 9, 1979 — REHEARING DENIED NOVEMBER 26, 1979 —

*Clarence L. Leathers, Jr., J. W. Claxton,* for appellant.

*Robert E. Keller, District Attorney, Harold G. Benefield, Assistant District Attorney,* for appellee.