## 60608. MURRAY v. THE STATE.

CARLEY, Judge.

Appellant and two others were indicted jointly for selling "a quantity of phenylcyclohexyl ethylamine" in violation of the Georgia Controlled Substances Act. Appellant was tried separately, found guilty and sentenced to twelve (12) years. From the denial of his motion for new trial, appellant enters this appeal.

1. The appellant assigns as error the admission over objection of certified copies of documents relating to his prior conviction for selling marijuana. "Code Ann. § 38-415 provides in part: ' . . . no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall first put his character in issue.' 'In a criminal case the State can not rebut or question the *presumption* of the *defendant's good character* unless the defendant discards the presumption thus afforded and *elects* to put his *actual character* in issue by evidence or by his statement to the jury.' *Bryant v. State,* 65 Ga. App. 523 (2) (16 SE2d 241) (1941)." *Favors v. State,* 145 Ga. App. 864 (1) (244 SE2d 902) (1978). Accord, *Posey v. State,* 152 Ga. App. 216, 217 (262 SE2d 541) (1979); *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615) (1952); *Spear v. State,* 51 Ga. App. 29 (179 SE 417) (1935).

On direct examination, appellant denied any involvement in the offense for which he was tried and further testified that he did not use drugs and that he did not sell "dope" of any kind. These additional statements were sufficient to place appellant's character in issue. *Brown v. State,* 237 Ga. 467 (2) (228 SE2d 853) (1976); *Hughes v. State,* 141 Ga. App. 506 (2) (233 SE2d 872) (1977). Compare, *Smith v. State,* 141 Ga. App. 64 (2) (232 SE2d 401) (1977); *Lindler v. State,* 149 Ga. App. 155 (253 SE2d 833) (1979). Accordingly, the certified documents relating to appellant's prior conviction of selling marijuana were properly admitted to rebut appellant's testimony as to his good character. *Brown v. State,* supra; *Scarver v. State,* 130 Ga. App. 297 (2) (202 SE2d 850) (1973).

2. Appellant also contends that the trial court erred in instructing a prospective witness for the defense that she could not be

forced to testify. The record reveals that the first witness called by counsel for appellant was Joanne Johnson, who had been jointly indicted for the same criminal activity as that with which appellant was charged. When Ms. Johnson was called to the stand, her counsel informed the court that he was invoking the Fifth Amendment privilege on behalf of his client because the charges against her were still pending and she did not wish to testify. The trial court then advised Ms. Johnson of her Fifth Amendment rights and left the decision of whether or not to invoke the privilege entirely to her. Appellant urges that the trial court's instructions were erroneous and prejudicial because they had the effect of advising the prospective witness that she did not have to testify rather than advising her that she had the right not to answer any question which might incriminate her. We find appellant's argument meritless. Considering the instructions as a whole, we find them to be sufficient to convey correctly the meaning and application of the privilege against self-incrimination. See *Tate v. State,* 41 Ga. App. 300 (4) (152 SE 609) (1930); *Dodd v. State,* 236 Ga. 572 (224 SE2d 408) (1976). Compare Webb v. Texas, 409 U. S. 95 (93 SC 351, 34 LE2d 330) (1972). Furthermore, after the instructions were given to the prospective witness by the trial court, counsel for appellant did not state any objections thereto but, rather, proceeded to inform the court that, in view of the fact that Ms. Johnson intended to invoke her Fifth Amendment privilege, he did not wish to call her as a witness. Compare Webb v. Texas, 409 U. S. 95, supra. Therefore, we find no merit in the assertion that the trial court improperly instructed the prospective witness as to her constitutional rights to appellant's prejudice. See *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8) (1976).

At the hearing on the motion for new trial appellant urged that both the District Attorney and the Sheriff of Murray County, in effect, "threatened" Ms. Johnson that if she took the stand and attempted to exonerate appellant, the state's previous consent to accept her plea to the lesser offense of possession of drugs would be withdrawn and she would have to face the charge of selling drugs as alleged in the indictment. Ms. Johnson's affidavit was submitted wherein she stated that prior to being called into the courtroom during appellant's trial she wanted to testify but refused to do so because of the alleged "threats" from the District Attorney and the Sheriff, coupled with the trial court's instructions that she could not be forced to testify. Ms. Johnson further stated in her affidavit that in any new trial of appellant she would testify that she was the person responsible for selling the drugs in question and that appellant neither sold them nor aided her in the sale.

The Assistant District Attorney stated in his place that Ms.

Johnson's counsel had been told that if she admitted under oath her participation in selling the drugs in question, the state could not accept her plea to mere possession of the drugs. He further stated that there was no discussion about the "exoneration" of appellant.

After a careful review of evidence we cannot agree with Ms. Johnson's characterization of the statements attributed to the state officers as "threats." Rather, we believe the state was duty bound to inform Ms. Johnson of the possible consequences of admitting under oath she sold the drugs, including notifying her that the criminal law would be enforced to the full extent against those who violated it. Far from being "threats," the information imparted to Ms. Johnson was sound advice concerning the jeopardizing effect that testifying in contravention of her agreement to plead guilty to a lesser offense might have. The statements of the officials are not reasonably subject to the devious construction she and appellant seek to give them. Appellant's argument is no more than an assertion that Ms. Johnson should have been allowed to testify that she sold the drugs without being informed of the possible detrimental consequences *to herself* of so doing. She was informed, however, and instructed of her right to invoke the Fifth Amendment. Appellant cannot complain that Ms. Johnson chose to exercise that right any more than any defendant can complain that someone else chose not to take the stand freely in his trial and confess to the crime with which the defendant is charged. Ms. Johnson's statement that she would testify on behalf of appellant at any new trial is not, in itself, cause for a new trial. See *Hudgins v. State,* 61 Ga. 182 (3) (1878).

"In considering all applications for new trial made on extraordinary grounds, the trial judge is vested with sound legal discretion. Code Ann. § 70-208. [Cit.]. The judge in this case, after reviewing the evidence and affidavits presented to him, refused to grant appellant a new trial. On appeal, we find no abuse of discretion and no grounds for reversal." *Johnson v. State,* 244 Ga. 295, 297 (260 SE2d 23) (1979). Thus, enumerations of error 3 and 4 are without merit.

3. Enumerations of error 5 and 6 urging that a charge of the trial court was burden shifting are deemed abandoned for failure to support them by any argument or citation whatsoever in the brief. Rule 15 (c) (2), Rules of the Court of Appeals, Code Ann. § 24-3615 (c) (2); *Stowers v. State,* 143 Ga. App. 859 (2) (240 SE2d 227) (1977).

4. In enumerations of error 7 and 8 appellant contends that the drug was not correctly named in the charge to the jury and that there was a variance between the indictment and the proof. Appellant alleges that only "1 — phenylcyclohexyl ethylamine" and not "phenylcyclohexyl ethylamine" is a controlled substance proscribed

by Code Ann. § 79A-806 (d) (21). The indictment charged appellant with selling "phenylcyclohexyl ethylamine" and the trial court charged the jury that it was unlawful for anyone to sell "phenyl-cyclohexyl ethylamine." The state's expert witness testified that the substance sold to the undercover agent was actually "1 — phenylcyclohexyl ethylamine." Appellant contends that since the prefix "1" is part of the name of the controlled substance identified in Code Ann. § 79A-806 (d) (21) its omission in the indictment constitutes a fatal variance with the evidence offered at trial and the court's instruction to the jury authorized a conviction for a substance not controlled by statute.

"In *DePalma v. State,* 225 Ga. 465 (169 SE2d 801) it was established that the courts of this state in determining whether or not a variance is fatal will look to see if the accused has been definitely informed as to the charges against him, so that he may be able to present his defense and not be taken by surprise by the evidence offered at trial and if he is protected against another prosecution for the same offense." *Cole v. State,* 142 Ga. App. 461, 462 (236 SE2d 125) (1977). Our review of the entire record in this case leads us to conclude that the indictment in question did not misinform appellant as to the offense charged in such a manner that it either impaired his ability to prepare his defense, or surprised him at trial. Also, it is clear that appellant cannot be subjected to a subsequent prosecution for the same offense. *Alexander v. State,* 139 Ga. App. 338 (1) (228 SE2d 364) (1976); *Cole v. State,* supra. Thus, we find the indictment to be sufficient. See *Tischmak v. State,* 133 Ga. App. 534 (1) (211 SE2d 587) (1974); *Rick v. State,* 152 Ga. App. 519 (6) (263 SE2d 213) (1979). As the indictment was sufficient, the appellant's contention that the court's charge was erroneous is also without merit. See *Plemons v. State,* 155 Ga. App. 447 (1) (270 SE2d 836) (1980).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 7, 1981 —
REHEARING DENIED FEBRUARY 20, 1981 —

*Robert B. Adams,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.