A89A0912. DARBY v. THE STATE.
(385 SE2d 758)

BANKE, Presiding Judge.

On appeal from his conviction of trafficking in cocaine, the appellant contends that the trial court erred in refusing to suppress as evidence 79 grams of powder containing 26 grams of cocaine which were seized from inside an aerosol spray can found in the trunk of his automobile. He further contends that the trial court erred in allowing the State to recall one of its witnesses and that the evidence was insufficient to establish that he had in fact been in possession of the cocaine in question.

The appellant's business premises were searched pursuant to a warrant on December 11, 1987, and he was arrested at that time based on the discovery of cocaine inside his pocket watch and inside a clock located in his office. In addition, cocaine residue was found on a set of scales seized from the trunk of his automobile. Also observed in

the trunk of his automobile at this time was a can of "Gunk" brand engine cleaner.

The appellant's automobile was impounded at the time of his arrest. Five days later, on December 16, 1987, a warrant was issued for a second search of the vehicle based on information received from an informant to the effect that it contained additional cocaine which had not yet been discovered. This second search, which occurred on the same day the warrant was issued, did not result in the discovery of any additional contraband. However, during a third search of the vehicle which was conducted seven days later, on December 23, 1987, the cocaine in question was discovered inside a false bottom in the Gunk can. *Held*:

1. The appellant contends that the third search of the vehicle was unlawful in that it was conducted under the authority of a warrant which had already been executed a week earlier. However, it was established without dispute that the vehicle had remained in police custody throughout this period, having been impounded at the time of the appellant's arrest. Under the circumstances, we hold that the appellant had no reasonable expectation of privacy in the contents of the vehicle at the time the contraband was discovered and seized, with the result that the search did not violate his Fourth Amendment rights. Accord *United States v. Johnson*, 572 F2d 227 (9th Cir. 1978).

2. The appellant contends that the trial court erred in allowing the State to recall one of its witnesses for the purpose of establishing that his (the appellant's fingerprints had been lifted both from the Gunk can and from the plastic bag securing the cocaine). In response to the appellant's objection that this witness had already testified, the State explained that the evidence in question could not have been elicited during the witness' previous testimony because at that time both the can and the plastic bag were still in the possession of the forensic chemist from the State Crime Lab, who had not yet arrived to testify. The trial court has the discretion to allow a witness to be recalled to present additional evidence even after both sides have closed. See *Rick v. State*, 152 Ga. App. 519, 521 (14) (263 SE2d 213) (1979). Accordingly, this enumeration of error is without merit.

3. The evidence, considered as a whole, was amply sufficient to enable a rational trier of fact to find the appellant guilty of trafficking in cocaine beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*Jerry C. Gray*, for appellant.

Larry J. Darby, *pro se.*
Timothy G. Madison, *District Attorney, Michael H. Booth, Assistant District Attorney,* for appellee.